**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JUAN NAVA-CALDERON, AKA Juan Nava Calderon,<br><br>Defendant - Appellant. | No. 09-10268<br><br>D.C. No. 2:08-cr-00436-ROS-3<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted July 12, 2010
San Francisco, California

Before: HUG and M. SMITH, Circuit Judges, and HOGAN, Senior District Judge.[**]

Juan Nava-Calderon appeals his convictions for Conspiracy to Possess

Methamphetamine with the Intent to Distribute, 21 U.S.C. §§ 841(a)(1),

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Thomas F. Hogan, Senior United States District Judge for the District of Columbia, sitting by designation.

841(b)(1)(A)(viii), & 846, and Possession of Methamphetamine with Intent to Distribute, 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(viii), after a jury trial. Nava-Calderon argues there is insufficient evidence to support his convictions. We affirm the district court.

## I.

"The sufficiency of the evidence to support a conviction is reviewed de novo." *United States v. Esquivel-Ortega*, 484 F.3d 1221, 1224 (9th Cir. 2007). This court employs a two-step inquiry for considering a challenge to a conviction based on the sufficiency of the evidence. *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc). "First, a reviewing court must consider the evidence presented at trial in the light most favorable to the prosecution." *Id.* "Second, after viewing the evidence in the light most favorable to the prosecution, the reviewing court must determine whether this evidence, so viewed, is adequate to allow '*any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

## II.

The evidence at trial was sufficient to support Nava-Calderon's conviction for conspiracy to possess methamphetamine with the intent to distribute. "To

establish a drug conspiracy, the government must prove (1) an agreement to accomplish an illegal objective; and (2) the intent to commit the underlying offense." *United States v. Reed*, 575 F.3d 900, 923 (9th Cir. 2009) (internal quotation marks omitted).

The government presented evidence that Nava-Calderon and Ramirez-Martinez arrived at the scene of a drug deal in a car containing four pounds of methamphetamine. After arriving, Nava-Calderon proceeded to count money contained in a suitcase. He then entered codefendant Favela's house, which the informant Rivera had never been allowed to enter. Moreover, Rivera testified that Favela told him that the persons arriving with the drugs "were serious people, that they had never let him down when they delivered drugs." Ramirez-Martinez and Nava-Calderon, by their actions, demonstrated an agreement to possess and sell the methamphetamine, as well as an intent to do so.

III.

The evidence at trial was also sufficient to support Nava-Calderon's conviction for possession of methamphetamine with intent to distribute. "To sustain a conviction for possession with intent to distribute [methamphetamine], the government must prove that the defendant (1) knowingly, (2) possessed the

[methamphetamine], (3) with intent to distribute it." *United States v. Magallon-Jimenez*, 219 F.3d 1109, 1112 (9th Cir. 2000).

Again, Nava-Calderon arrived at the scene of a drug deal in a car containing four pounds of methamphetamine. While his mere presence in the car would not suffice to show possession with intent to distribute, there is other evidence demonstrating that he had dominion and control over the methamphetamine. As mentioned previously, Favela stated that he had dealt with the people arriving in the car before and that they were "serious people, that they had never let him down when they delivered drugs." Moreover, Nava-Calderon counted money in a suitcase that Favela had retrieved from his house. When the informant attempted to approach Nava-Calderon while he was counting the money, Ramirez-Martinez prevented the informant from getting any closer, telling him, "No, no, no, don't get any closer. We're taking care of this. We're counting right here." Nava-Calderon thereafter went inside the house with Favela and Ramirez-Martinez, apparently to continue counting the money. As stated by the government, "the jury could reasonably infer that the methamphetamine would not change hands until [Nava-Calderon] was satisfied with the payment ."

**AFFIRMED.**